UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ERNEST HEATH, *Solely in his Capacity as Heir of Beth Untermeyer, Deceased*; UNKNOWN HEIRS OF BETH UNTERMYER, DECEASED,<br>Defendants. | :<br>:<br>:<br>:  No. 5:17-cv-00522<br>:<br>:<br>:<br>:<br>: |

_____

**O R D E R**

**AND NOW,** this 12th day of September, 2017, upon consideration of the Order for Service by Posting to Property and Certified Mail dated June 29, 2017, ECF No. 13,[1] and of Plaintiff's Request for Default, ECF No. 17, **IT IS HEREBY ORDERED THAT**:

1. The Order dated June 29, 2017, ECF No. 13, is AMENDED to the extent that it required service of the Complaint *and Summons* to be served by publication and by regular and certified mail, and any requirement regarding the "Summons" is eliminated.[2]

2. The Clerk of Court is directed to ENTER default against Defendant Unknown Heirs of Beth Untermyer, Deceased.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] This Court signed the Order proposed by counsel for Plaintiff.  *See* ECF No. 12-2.

[2] Pennsylvania Rule of Civil Procedure 430 states that where service of process by publication is authorized by order of court, as here, "the publication shall be by advertising a notice of the action once in the legal publication, if any, designated by the court for the publication of legal notices and in one newspaper of general circulation within the county" and include a notice to defend as described in the rule).  Pa. R. C. P. 430(b)(1).  *See also* Pa. R. C. P. 410(c).  There is no requirement that a summons also be made by publication, or that service by mail is also required.  *See id.*  Because no summons was issued for Defendant Unknown Heirs of Beth Untermyer, Deceased, the additional step regarding the summons, which is not required by state law, is eliminated from the Order.